IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PRESIDENT JUDGE WILLIAM J. FURBER, JR., et al. | : | NO. 16-1869 |

### MEMORANDUM

JONES, J.                                                                                                       MAY 19, 2016

Plaintiff Thomas Johnson brings this civil action based on his dissatisfaction with judicial rulings in a custody matter in the Montgomery County Court of Common Pleas. He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

According to the complaint, plaintiff was granted primary custody of his children in February of 2014, when his ex-wife failed to appear for a hearing in the course of a domestic relations case in the Montgomery County Court of Common Pleas. The Honorable Kelly Wall of the Montgomery County Court of Common Pleas subsequently "overturned that order and compelled the Plaintiff to have a trial for custody of his children." (Compl. at 3.) After trial, plaintiff's custody order was modified, apparently to allow plaintiff's ex-wife to see the children two nights a week and every other weekend in Philadelphia.[1] Additionally, the amount of child support that plaintiff receives from his ex-wife was "reduced drastically . . . which does not adequately assist the Plaintiff." (*Id.*) Plaintiff also alleges that his ex-wife is "consistently" permitted to be late on payments even though plaintiff "has witnesses [sic] himself, the same

---

[1] Plaintiff is dissatisfied with that ruling because it "permit[s] his children to be in a dangerous city more time." (Compl. at 3.)

1

Defendant, Judge Wahl [sic], send African-American males to the county jail or work release for non-payment." (*Id.*)

Based on those allegations, plaintiff initiated this civil action against President Judge William J. Furber, Jr.; Judge Wall; Gary Kline, the Director of the Domestic Relations Division of the Montgomery County Court of Common Pleas; the Domestic Relations Division of the Montgomery County Court of Common Pleas; and several John Doe defendants. He alleges that the defendants discriminated against him on the basis of his race (African-American) and gender (male) and cites Title VII, 42 U.S.C. § 2000e-3(a), as the basis for his claims. Plaintiff alleges that he wrote to "each of the Defendants and their Supervisors" and "filed a complaint with the Judicial Board and . . . the Attorney General of Pennsylvania." (Compl. at 3.) He seeks to reinstate the state court's initial order granting him primary custody and also requests monetary damages.

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Pursuant to the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quotations omitted). In other words, federal district courts do not serve as a venue for a plaintiff to appeal a state-court order with which he is dissatisfied. Accordingly, to the extent plaintiff is seeking review and rejection of the state court's judgment based on injuries caused by that judgment, this Court lacks jurisdiction over his claims.

To the extent plaintiff's claims are not barred by *Rooker-Feldman*, he has not stated a claim. Title VII prohibits race and gender discrimination, among other things, in the context of employment. *See* 42 U.S.C. § 2000e *et seq.* It does not have any application to this case. In any event, plaintiff's allegations of race and gender discrimination are entirely conclusory. The fact that plaintiff did not prevail in his case does not equate to a discrimination claim, even if he is a member of a protected class.[2] Accordingly, the Court will dismiss the complaint. Plaintiff will not be given leave to amend because it appears that amendment would be futile. An appropriate order follows, which shall be docketed separately.

---

[2] Even liberally construing the complaint as raising equal protection claims under 42 U.S.C. § 1983, the Court cannot ascertain a plausible basis for a claim because (1) state courts and divisions of state courts are entitled to Eleventh Amendment immunity, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005); (2) judges are immune from § 1983 claims based on their judicial rulings, *see Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); (3) most of the defendants do not appear to have had any personal involvement in the events giving rise to plaintiff's claims, *see Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); and (4) plaintiff's allegations of discrimination are entirely conclusory.